[Civ. No. 10951. Second Appellate District, Division Two.—July 10, 1936.]

SUDDEN LUMBER COMPANY (a Corporation), Appellant, v. BLUE DIAMOND COMPANY (a Corporation), Respondent.

Philip S. Ehrlich and Homer N. Boardman for Appellant.

O'Melveny, Tuller & Myers and Pierce Works for Respondent.

WOOD, J.—Plaintiff leased certain premises in the city of Vernon to defendant for a term of ten years from December 11, 1926, for the purpose of excavating sand and gravel. Defendant agreed to pay a stated price per cubic yard with a minimum fixed for each calendar year. The following provisions appear in the lease: ''It is understood that the above royalty shall be net to Lessor, and without the deduction of any charge for expense of operation or otherwise. Lessee shall not be required to pay any royalties until four months after the first day of the month succeeding the date of receiving the permit provided for in the next succeeding paragraph, and such time as Lessee is prevented from excavating on said premises by inclement weather shall be added to said four months' period; provided, however, that all sand and

gravel excavated during said period shall be charged to the Lessee and shall be settled for at the time of said first payment. 3. Lessor shall forthwith seek a permit from the city of Vernon, state of California, whereby and whereunder the Lessee, either as Lessee of the owner or as its employee, shall be permitted to excavate in accordance with the terms hereof, and Lessee will render all reasonable assistance within its power in the obtaining of said permit and will share equally with the Lessor the actual expenses in obtaining said permit, but in the event that said permit is refused and it becomes necessary to institute legal action to enforce the granting thereof, all such action shall be taken by the Lessor in its own name and at its own expense. 4. In the event that Lessor or Lessee is unable to gain permission, either by permit, or as an employee, or otherwise, to excavate said premises as above provided in paragraph 3, after using all due diligence to secure such right to operate, then and in such event the Blue Diamond Company will forthwith commence the minimum rental payments as above specified, or will forthwith quitclaim said premises to Lessor.''

The parties failed to obtain a permit from the city of Vernon and thereupon an action was commenced in the superior court to obtain a writ of mandate to compel the issuance of the permit. This action failed and an action was thereupon commenced in the United States District Court and a preliminary injunction obtained on August 1, 1927, whereby the city of Vernon was enjoined until the further order of the court from interfering with the parties in the matter of excavating sand and gravel. No further order was made in the United States District Court until March 28, 1930, at which time the proceeding was dismissed. Defendant did not at any time take physical possession of the property or remove sand or gravel therefrom. On January 7, 1928, the parties entered into an agreement in writing whereby upon the assignment of the lease to one Ehrlich the defendant, was released from all obligations of the lease accruing after January 1, 1928. Plaintiff seeks to recover in this action rental claimed to be due for the period prior to January 1, 1928.

There have been two trials of the action. In the first trial plaintiff was successful but on appeal the judgment was reversed. (*Sudden Lumber Co.* v. *Blue Diamond Co.*, 125 Cal.

App. 545 [13 Pac. (2d) 958].) In reversing the judgment the District Court of Appeal held that the trial court had not found that the parties were unable to gain permission either by permit or otherwise to excavate the premises. The court stated in its opinion: "If the court had decided, as under the evidence it should have decided, that the attempt to obtain a clear right to excavate for sand and gravel on the leased premises was still an active and undetermined matter, and that there remained a reasonable prospect that by pursuing the pending litigation the required permission would be obtained, then it would follow that no rent had accrued for or during the period prior to January 1, 1928, and that the plaintiff's cause of action herein must fail. . . . It is enough to know that in accordance with the evidence above mentioned, it was established, beyond controversy, that although no formal permit for such excavation had been obtained from the city of Vernon, the effort to obtain such a permit or its legal equivalent was pending and undetermined. If the court had so found, the necessary conclusion of law would have been that the plaintiff was not entitled to recover the rent claimed in this action. Or if, on the other hand, the issuance of the preliminary injunction on August 1, 1927, was the equivalent of a permit which would protect the lessee in proceeding with the excavations, then under the terms of the lease no rent would accrue until January 1, 1928, and the claim for rent as accrued during the year 1927 could not be sustained." Upon the second trial of the action the court made findings in accordance with the views of the District Court of Appeal upon the issues which had not been covered in the findings following the first trial and rendered judgment for defendant. The findings are supported by the evidence.

In the second trial the record of the first trial was introduced in evidence and in addition thereto certain evidence was received concerning the conduct of the parties after the preliminary injunction had been issued by the federal court. A witness testified that an official of defendant company stated that defendant would go into possession, and start paying rent sixty days after obtaining the preliminary injunction. On the other hand plaintiff caused a letter to be sent to defendant advising defendant of the issuance of the preliminary injunction, the letter containing this para-

graph: "This is to further notify you to forthwith enter into possession and operate said property, pursuant and subject to the terms and provisions of said lease, and render to us an accounting and pay the rentals as therein stipulated and provided." Plaintiff contends that after the issuance of the preliminary injunction there was an "oral understanding" between the parties which "is not a true alteration of the terms of the written lease, but does constitute an interpretation" of some of its provisions. The evidence on the subject of the interpretation placed upon the contract by the parties is conflicting and the trial court was not compelled to take the view expressed by plaintiff. The evidence is insufficient to establish that the original contract was amended or altered and the court properly so found. "A contract in writing may be altered by a contract in writing, or by an executed oral agreement, and not otherwise." (Civ. Code, sec. 1698.) The "oral understanding" amounts to nothing more than an unsuccessful attempt to vary the terms of a written instrument by parol evidence. (*Pearsall* v. *Henry,* 153 Cal. 314 [95 Pac. 154].)

By the agreement of the parties of January 7, 1928, defendant was released from paying rent for the period after January 1, 1928. The trial court found upon sufficient evidence, and in accordance with the opinion in the former appeal, that no rent was due for the period before that date.

Plaintiff's claim of estoppel is without merit.

The judgment is affirmed.

McComb, J., *pro tem.,* and Crail, P. J., concur.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on September 4, 1936.